### SHAW ADMR. etc v CREBS

Ohio Appeals, 9th Dist, Wayne Co

No. 858.   Decided October 17, 1929

Messrs. Daniel C. Funk and L. R. Critchfield, Wooster, for Shaw, Admr. etc.

Messrs. Weygandt & Ross, Wooster, and John V. Keeler, West Salem, for Crebs.

FUNK, PJ.

To entitle plaintiff to have his case submitted to the jury, he was required to show by some evidence that the driver of the truck was operating it in a negligent manner in one or more of the ways alleged in the petition, and that this negilgence was the proximate cause of the accident.

Sec. 6310-17 GC. provides that "vehicles shall keep to the right side of the road or highway."

Our Supreme Court, in **Elms v. Flick, 100 OS. 186,** held that the term "road" in this connection means the improved part of the road.

It will be observed that plaintiff did not offer the testimony of any eye-witness to this accident. The only evidence in the record to indicate where the respective automobiles were at the time of the collision, if it may be said to be evidence at all as to where said automobiles were at that time, is the evidence as to the scratch in the cement part of the road.

We are clearly of the opinion that there is no evidence in this record to show that it was defendant's negligence alone that was the proximate cause of the collision.

The mere fact that there was a collision is not even presumptive evidence of the negligences of either driver.

Th mere fact that the driver of the truck changed the tire on its rear left wheel about one-half mile from the place of the collision, is no evidence of any negligence on the part of the driver of the truck or as to where the truck was or the speed at which it was going at the time of or immediately before or after the accident, neither is it at that distance from the place of the accident any direct evidence that the accident was the cause of the tire going flat; at best there can be only an inference that the collision might have been the cause of the tire becoming flat about a half mile from the place of the accident.

However, since the scratch on the cement is the only evidence, if it is any evidence at all, as to where either automobile was at the time of the accident, and as this was not over 18 inches from the westerly side of the cement road, it would seem that it was the negligence of decedent rather than of defendant that caused the accident.

Finding no evidence of any negligence on the part of the driver of the truck, we hold that the trial court was right in directing a verdict for defendant, and the judgment is therefore affirmed.

Pardee, J, and Washburn, J, concur.